IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | |
|---|---|
| EVELYN MILLS KEATON, <br> on her own behalf and for any similar situated persons <br><br> ESTATE OF HARVEY KEATON BY EVELYN LECIA <br> KEATON AS PERSONAL REPRESENTATIVE    , <br><br> PLAINTIFF(S) <br> v. <br><br> SUMMIT MANAGEMENT DBA MCDONALDS <br> MCDONALDS CORPORATION STORE #20898 <br> KOPKA PINKUS DOLIN LLC FOR ITS ATTORNEYS <br> JAMES MILSTONE ESQ, CHRISTINA ESSEX ESQ; <br> JUDGE HEATHER WELCH and MAGISTRATES <br> IN PROCEEDINGS AS TO MRS. EVELYN MILLS KEATON <br> IN THE <br> MARION SUPERIOR COURT CIVIL 1, <br> IN THEIR OFFICIAL CAPACITY; <br> MARION COUNTY, INDIANA COURTS, <br> AN AGENCY OF MARION COUNTY/CITY OF <br> INDIANAPOLIS <br> PART OF THE STATE OF INDIANA COURT SYSTEM <br> BY OFFICE OF THE COURT ADMINISTRATOR <br> AND MARION SUPERIOR COURTS, PRESIDING <br> JUDGE JOHN M.T. CHAVIS II IN THEIR OFFICIAL <br> CAPACITIES <br><br> DEFENDANT(S) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 1:16-cv-485 <br> ) <br> ) <br> ) <br> )COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL <br> ) REQUESTED <br> ) <br> ) |

**COMPLAINT FOR INJUNCTIVE, EQUITABLE AND DECLARATORY RELIEF**

**AND INDIVIDUAL COMPLAINT FOR DAMAGES**

**Introduction**

1. Mrs. Evelyn Mills Keaton is a disabled person. She saw her husband, Harvey Keaton, be hit on the head by a steel gate at the Summit Emerson McDonalds at 2551 N Emerson in Indianapolis, Indiana on July 3, 2011.

1

2. Mrs. Keaton is a retired schoolteacher who taught for 48 years. She suffered an aneurysm November of 2006 the Friday before Thanksgiving being found collapsed in her chemistry classroom as school was opening that day. Mrs. Keaton survived and had to undergo extensive physical therapy and speech therapy. As a result of suffering the aneurysm, Mrs. Keaton ended up having expressive aphasia.

3. Mrs. Keaton saught, thru counsel, an accommodation in the state courts to testify in depositions using the deposition on written questions method. Opposing counsels, Christina Essex and James Milstone, refused to agree to that. When application for a protection order was made in the trial courts, that request was denied by Judge Heather Welch and her magistrates. An interlocutory appeal was initiated in the Indiana Court of Appeals who dismissed the interlocutory appeal saying it was not as of right. Because this issue deals with violation of Mrs. Keaton's civil rights as a disabled American, counsel interpreted the interlocutory appeal as being pertaining to a right and not something that is discretionary.

4. Mrs. Keaton wishes to participate in depositions but in accordance with the directions given by her physician, Dr. Heard of IU Health, which states that she do deposition on written questions with assistance nearby to help her if needed because of her expressive aphasia condition and other medical conditions. Opposing counsels, Christina Essex and James Milstone, will only accept Mrs. Keaton doing depositions on oral questions which is what Judge Welch ordered Mrs. Keaton to do which goes against what Dr. Heard of IU Health who is Mrs. Keaton's physician says is allowable for her to do given one of her multiple conditions which she lives with is expressive aphasia.

5. Mrs. Keaton has asserted her rights under the Americans with Disabilites Act multiple times but Ms. Essex and Mr. Milstone refuse to agree to accommodate Mrs. Keaton's

expressive aphasia condition and Judge Welch and her magistrates continue to side with Kopka Pinkus which will only agree to Mrs. Keaton doing deposition on oral questions even after presentation of evidence and written proof from Dr. Heard that Mrs. Keaton needs accommodation for her expressive aphasia condition. Ms. Essex has filed two motions to dismiss the wrongful death case brought by the Estate of Harvey Keaton as to the wrongful death of Mr. Harvey Keaton as the whack on the head at McDonalds witnessed by Mrs. Keaton was the beginning of Mr. Keaton's descent into illness that took his life. The basis of both motions to dismiss is that Mrs. Keaton will not come to depositions on oral questions because it is not what her physician, Dr Heard, has authorized her to do. Mrs. Keaton knows that she needs an accommodation because of her expressive aphasia condition and does not wish to put herself in a situation that could cause her conditions to worsen and cause her great embarassment because she has expressive aphasia which is marked by a person searching for words and sometimes awkward blurting out the wrong words and struggling to speak. However, if Mrs. Keaton can prepare for something, she can typically work at formulating a response ahead of time and participate in a manner that will not harm her.

6. Additionally, because Mrs. Keaton has a shunt in her head to regulate brain fluids after the aneurysm/brain bleed was clipped, it is important that she not be put in stressful situations that could cause her frustrations, headaches, or too much stress as that could aggravate other conditions and possibly lead to a medical event. Mrs. Keaton is a heir of the Estate of Harvey Keaton so she does have a stake in the litigation's success also.

7. Hence, because of the multiple dismissals saught by Ms. Essex because counsel will not take her mother to depositions on oral questions where Mrs. Keaton asserts the ADA right to accommodation to participate in depositions consistent with her physician's directions that she do depositions on written questions and Judge Welch's failure to follow the law and

provide accommodation for Mrs. Keaton based on her disability even after the submission of medical evidence that Mrs. Keaton needs to do deposition on written questions, Mrs. Keaton and the Estate seeks injunctive relief, declaratory relief and damages for the failure to accommodate her disability which is violative of the Americans with Disabilities Act, 42 U.S.C. § 12132.

8. Judge Welch also encouraged Ms. Essex to seek dismissal of the Estate's litigation which Mrs. Keaton would benefit from on the basis of discriminating against Mrs. Keaton because she is disabled. Mrs. Keaton should also be awarded her individual damages for the intentional and knowing violation of her civil rights, due process and equal protection rights under the Fourteenth Amendment and the Americans with Disabilities Act.

**Jurisdiction, venue, cause of action**

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as well as U.S. Const. amend. XIV.  Evelyn Mills Keaton is a disabled American subject to the Americans With Disabilites Act. Title II of the Americans With Disabilites Act's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U. S. C. § 794a, which authorizes private citizens to bring suits for money damages. 42 U. S. C. § 12133.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

11. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

11. Absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute. *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 70-71 (1992). If local authorities

"fail in their affirmative obligations" under federal law, "the scope of a district court's equitable powers is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). Indeed, a "district court has `not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.'" *Louisiana v. United States*, 380 U.S. 145, 154 (1965).

12. This action is also brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution (the equal protection clause, the due process clauses) and is also brought pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, *et seq.*. Section 504 of the Rehabilitation Act and section 202 of the ADA both prohibit discrimination against the disabled. Section 504 provides that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794. The Marion County Courts are part of the Marion County/City of Indianapolis government which receives federal funding in part. Section 202 similarly provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. Kopka Pinkus is a law firm who practices in the Marion County, Indiana courts and within the state of Indiana.

13. Title II of the ADA "prohibits a public entity from denying equal services to individuals because of their disabilities." *Discovery House, Inc. v. Consol. City of Indianapolis,* 319 F.3d

277, 279 (7th Cir. 2003). Specifically, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Title II is intended to apply to "all actions of state and local governments."28 C.F.R. Pt. 35, App. B).

**Parties**

14. Evelyn Mills Keaton is a disabled adult resident of Indianapolis in Marion County, Indiana.

15. The Marion County, Indiana Court System is the local government entity charged with operating the court system in Marion County, Indiana and the City of Indianapolis. The Marion Superior Court was established as the Nineteenth Judicial Circuit of the State of Indiana under the authority of Indiana Code Title 33 [I.C. 33-33-49] and is part of the State of Indiana Court System.

16. Judge Heather Welch is the presiding judge of Marion County Superior Court Civil 1 which is the court handling the wrongful death litigation in which Mrs. Keaton is saught to be a deposition witness. Judge Welch has magistrates who act on her behalf also in Marion County Superior Court Civil 1.

17. Christina Essex and James Milstone are attorneys at Kopka, Pinkus Dolin LLC, a law firm with multiple offices but they work in the Carmel, Indiana office of that law firm and practice in the courts of Marion County/City of Indianapolis and within the state of Indiana. They are opposing counsel in litigation of the Estate and are the persons who refused to agree to Mrs. Keaton doing deposition on written questions in the discovery process, and are also

persons who intentionally misconstrued the medical statement of Mrs. Keaton's physician, Dr. Heard of IU Health, and also refused to agree to Mrs. Keaton doing deposition on written questions even after Dr. Heard clarified her statement and explained in detail why Mrs. Keaton needed to do deposition on written questions, and have filed 2 motions to dismiss the Estate's case based on Mrs. Keaton not attending deposition on oral questions after she asserted a right to accommodation.

18. Summit Management does business as Mc Donalds Store #20893 at 2551 Emerson in Indianapolis, Indiana and is the location where Harvey Keaton was injured and Evelyn Mills Keaton witnessed her husband become injured. McDonald's corporation is the supervising franchisor of the McDonalds Store #20893 which has approval over operations and design of McDonalds Store #20893. They are represented by law firm Kopka Pinkus Dolin LLC.

19. The State of Indiana Court System is the statewide court system that the Marion County, Indiana Superior Courts are a part of as well being part of the Marion County, Indiana Courts. Loretta Rush is Chief Justice of the Indiana Court System.

**Factual allegations**

20. Mrs. Evelyn Mills Keaton is a disabled adult who has multiple medical conditions, but her expressive aphasia conditions impacts her ability to verbally communicate in a normal manner.

21. Mrs. Keaton saught accommodation of her expressive aphasia condition to do deposition on written questions when attorneys, Christina Essex and James Milstone of Kopka Pinkus, refused to agree to Mrs. Keaton doing depositions by written questions after receipt of a statement from Mrs. Keaton's physician, Dr. Heard of IU Health, that she needed to do

7

deposition on written questions. Ms. Essex intentionally misconstrued the statement of Dr. Heard and refused efforts to clarify that statement. The trial court denied the order of protection saught for Mrs. Keaton to do deposition on written questions. Mrs. Keaton filed a clarification of Dr. Heard's previous statement written to the court and saught reconsideration which was denied. Mrs. Keaton also filed an expert's letter with case precedent that indicated that Title 2 of the Americans With Disabilites Act requires accommodation for Mrs. Keaton to do deposition on written questions.

22. The Estate filed a notice of appeal to appeal the denied order of protection in an interlocutory appeal with the Indiana Court of Appeals.

23. Ms. Essex filed a motion to dismiss on the basis of Mrs. Keaton not attending depositions on oral questions.

24. Judge Welch denied that motion but in the order she also noted that Ms. Essex could file a 2nd motion to dismiss if Mrs. Keaton was not produced for deposition on oral questions within 45 days, even though there was a pending appeal on the denied motion for protection for Mrs. Keaton to do deposition on written questions.

25. Ms. Essex filed a 2nd motion to dismiss based on Mrs. Keaton not coming to deposition on oral questions even though the interlocutory appeal on the denied order of protection was pending in the Indiana Court of Appeals.

26. Mrs. Keaton wants to participate in depositions but asserted rights under the American With Disabilites Act to do deposition on written questions, which her physician says she can so with assistance on standby in case she has struggles with speaking. Attorneys at Kopka Pinkus refused to do deposition on written questions as to Mrs. Keaton. Judge Welch and

magistrates of the Marion Superior Civil 1 Court also refused to allow Mrs. Keaton to do depositions on written questions even where it was medically indicated.

27. The Indiana Court of Appeals dismissed the interlocutory appeal with prejudice on February 24, 2016.

28. Mrs. Evelyn Mills Keaton has expressive aphasia and other medical conditions, which make her a qualified person with a disability under the Americans with Disabilities Act. 42 U.S.C. § 12131(2).

29. Mrs. Keaton is a retired schoolteacher who taught for 48 years who suffered an aneurysm in her classroom the Friday before Thanksgiving in November of 2006, and as a result of the aneurysm Mrs. Keaton was left with expressive aphasia and other physical conditions.

30. The Marion County, Indiana Courts, an agency of the City of Indianapolis, is a "public entity" subject to Title II of the Americans with Disabilities Act. 42 U.S.C. § 12131(a)(Title 2, ADA).

31. Because of her expressive aphasia condition, Mrs. Keaton often searches for words, may blurt out the wrong word in trying to respond to a question, may have a very delayed response searching for the right word. Mrs. Keaton still practices her speech with drills she learned in speech therapy in an effort to improve her communication skills. Mrs. Keaton requires assistance to communicate and feels most comfortable if there is someone there to assist her in getting her point across which fosters her making fewer errors in efforts to communicate. Dr. Heard, of IU Health, who is Mrs. Keaton's physician is aware of this and directed that Mrs. Keaton do depositions on written questions with an assistant there to help her if she needs it.

32. Mrs. Keaton wants to participate in the deposition process, but because she has a shunt in her head and can suffer a medical event if she is put under too much stress or is caused excessive headaches Mrs. Keaton did not attend any deposition on oral questions that were scheduled for her as they violated what her physician authorized her to do which is deposition on written questions.

33. Ms. Essex of Kopka Pinkus has filed 2 motions to dismiss litigation bought by the Estate of Harvey Keaton by its Personal Representative on the basis of Mrs. Keaton not attending deposition on oral questions as ordered by Judge Welch, even where there was a pending appeal based on the denied protection order in the Indiana Court of Appeals.

34. Counsel filed an interlocutory appeal where it became apparent that Judge Welch and her magistrates and Kopka Pinkus attorneys Christina Essex and James Milstone would never agree to do deposition on written questions as to Mrs. Keaton even in the face of medical evidence of its necessity and ADA case precedent indicating their position was the wrong one.

35. Mrs. Keaton asserted her ADA rights seeking the reasonable accommodation of doing deposition on written questions.

36. No accommodation was provided by Kopks Pinkus attorneys Christina Essex and James Milstone. No accommodation was provided by Judge Welch and her magistrates in Marion Superior Civil 1 Court.

37. Mrs. Keaton's disabilites could have been accommodated without causing a fundamentl alteration to the nature of defendants' services. All that was required was that Kopka Pinkus

attorneys agree to do deposition on written questions and that if they failed to agree to that that Judge Welch follow the ADA and grant the reasonable accommodation of Mrs. Keaton doing deposition on written questions in accord with the directives of her physician, Dr. Heard of IU Health.

38. The expense of granting reasonable accommodation to Mrs. Keaton to do deposition on written questions is minimal, or really there is no additional cost to granting Mrs. Keaton the reasonable accommodation of Mrs. Keaton doing deposition on written questions.

39. The failure to accommodate Mrs. Keaton's disabilities represents intentional discrimination.

40. Mrs. Keaton wants to testify and provide a deposition in the negligence/ wrongful death litigation that relates to her deceased husband. Mrs. Keaton wants to safely give her deposition in the manner that her physician indicates is safe for her and which she feels is safe for her. Mrs. Keaton, if she has time to study something and take it in, can work at formulating and working out her response in a manner that is dignified for her and reduces the likelihood of her blurting out the wrong word or struggling to find words, or having to take long awkward pauses and struggling in a manner that causes her stress and headaches which are not a desired thing for a person who has a shunt in their head.

41. Mrs. Keaton wants to testify in depositions in the manner her physician says is safe using the deposition on written questions method. Mrs. Keaton wants the opposing counsels at Kopka Pinkus and the trial court to stop denying her her right to testify in a safe manner by participating in the depositions on written questions method of giving depositions. Mrs. Keaton is sick and tired of the attorneys at Kopka Pinkus and Judge Welch and her magistrates mistreating her like she is not a person who has rights as a disabled person to

participate in the courts in a safe manner.

42. Mrs. Keaton believes that this is a violation of her rights as a disabled American is wrong and that neither she, nor other persons, should have to face prolonged and expensive court battles because she seeks to testify in a reasonable manner consistent with the directions of her physician who authorizes her to do deposition on written questions.

43. Mrs. Keaton has been damaged by defendants' Kopka Pinkus attorneys Christina Essex and James Milstone refusal to agree to do deposition on written questions, and damaged by Judge Welch's refusal to follow the ADA and order a reasonable accommodation for her to do deposition on written questions. Mrs. Keaton is also damaged by the Indiana Court of Appeals refusing to hear her interlocutory appeal as Mrs. Keaton perceives assertion of her ADA rights as assertion of a fundamental right and not something that is discretionary as to review where a trial court is not following the ADA as required as a public agency subject to the ADA.

44. At all times defendants have acted, and have failed to act, under color of state law.

45. Mrs. Keaton and the Estate of Harvey Keaton, who has had to defend 2 motions to dismiss based on the intentional discrimination of Mrs. Keaton, are both Mrs. Keaton and the Estate of Harvey Keaton are being caused irreparable harm for which there is no adequate remedy at law, as is the putative class.

**Trial demand**

46. Plaintiff requests a trial on all claims so triable.

**Claims for relief**

42. The defendants' failure to accommodate Mrs. Keaton's disability when she sought to

apply for approval to do deposition on written questions in the discovery process, which is part of a trial court protection order process is a reasonable accommodation for Mrs. Keaton given her expressie aphasia condition and other medical conditions.

43. Mrs. Keaton being approved to do deposition on written questions was an easily available reasonable accommodation that could be granted consistent with the directions of her physician, Dr. Heard, of IU Health given application of the ADA is non-discretionary and applies to all public agencies of local and state government to include the courts. Defedants bear the burden of showing that Mrs. Keaton doing deposition on written questions would result in "undue financial and administrative burdens." 28 C.F.R. § 35.164 given that Mrs. Keaton provided proof of the disability of expressive aphasia by way of a statement from her physician, as Mrs. Keaton has other disabling conditions also.

44. Failure to agree to that reasonable accommodation violates the Americans with Disabilities Act, 42 U.S.C. § 12132.

45. Plaintiffs also seek injunctive relief so that defendants are prevented from seeking to dismiss the Estate of Harvey Keaton's wrongful death litigation on the basis of Mrs. Keaton's deposition issues being the subject of motions to dismiss by Kopka Pinkus attorneys who are violating the civil rights of Mrs. Keaton by using her disability as grounds for a motion to dismiss where Mrs. Keaton seeks mandatory accommodation of her disabilites..

46. Plaintiffs also seek equitable relief in that they seek for the court to order the Marion County/ City of Indianapolis Courts to include the Marion Superior Courts and the State of Indiana Courts to develop and implement policies and/or rules for the non-discretionary following of the ADA as it relates to disabled persons with communications disabilites.

Plaintiffs want such policy to be publicly proposed within 180 days and publicly ratified within 365 days. The public entity of the Marion County, Indiana Courts, an agency of the City of Indianapolis and the State of Indiana Courts have failed to adopt adequate policies and procedures to ensure effective communication for persons with communication disabilities to participate in the courts of Marion County, Indiana and the State of Indiana. Discrimination of a disabled person such as Mrs. Keaton in the provision of services as outlined in the ADA as an injury in itself. 28 C.F.R. Pt. 35, App. B). Mrs. Keaton has suffered injury. A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7) (2011).

47. To recover money damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant under a "deliberate indifference" standard. Id. at 1138. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." Kopka Pinkus attorneys Christina Essex and James Milstone and Judge Welch and her magistrates are all attorneys who know that the ADA is mandatory and non-discretionary. For Judge Welch to continue to deny Mrs. Keaton her right to accommodation under the ADA then visibly favor Kopka Pinkus attorney Christina Essex by encouraging her to file a 2nd motion to dismiss on the basis of Mrs. Keaton's deposition issues which were still pending in the Indiana Court of Appeals at the time amounts to Judge Welch having deliberate indifference to Mrs. Keaton's disability and need for accommodation and a wrong showing of favoritism toward Kopka Pinkus attorneys who were arguing that Mrs. Keaton has to do deposition on oral questions even though the ADA is mandatory and they themselves saw the medical need for

accommodation and a reasonable accommodation was requested. Mrs. Keaton suffered intentional discrimination from Judge Welch and her magistrates in Marion Superior Civil 1 Court and from Kopka Pinkus attorneys Christina Essex and James Milstone.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a. Assume jurisdiction of this case and set the matter for hearing at the earliest opportunity.

b. Issue emergency injunctive relief immediately to stay the trial court proceedings and enjoin the scheduled March 4th hearing on the 2nd motion to dismiss filed by Ms. Essex and the final pretrial conference and the trial dates of March 22-24, 2016 so as to not prevent Mrs. Keaton from participating in the trial court process with accommodations being made for her disability consistent with her physician's instructions and to stay trial court proceedings until Mrs. Keaton can do the deposition on written questions consistent with the instructions of her physician, Dr. Heard of IU Health.

c. Declare that the defendants' actions in refusing to agree to Mrs. Keaton doing deposition on written questions so she can participate in the trial court process in the case involving her husband is a violation of Mrs. Keaton's rights to due process and equal protection of the law under the Fourteenth Amendment to the United States Constitution and a violation of her rights as a disabled American under Title 2 of the Americans with Disabilities Act.

d. Enter an emergency preliminary injunction staying trial court proceedings in the case of Keaton vs. McDonalds in the Marion Superior Court Civil 1 to include March 4, 2016 scheduled final pretrial conference and hearing on 2nd motion to dismiss and the scheduled trial dates of March 22-24, 2016.

e. Enter a temporary injunction, later to be made permanent, on behalf of both plaintiffs Mrs. Evelyn Mills Keaton and the Estate of Harvey Keaton by Personal Representative, enjoining

defendants, Judge Heather Welch and any judges/ magistrates of Marion County Superior Court and Kopka Pinkus and its counsels James Milstone and Christina Essex from continuing to deny Mrs. Keaton from participating in the trial court proceedings by use of the deposition on written questions method and to order that any judge or magistrate and any Kopka Pinkus attorney refrain from issuing demands, notices or orders for Mrs. Keaton to appear for depositions using the deposition on oral questions method, full well knowing that Mrs. Keaton seeks and has a right to reasonable accommodation to do deposition on written questions consistent with what is authorized by her physician, Dr. Heard, of IU Health; and to enjoin Kopka Pinkus attorneys, Judge Welch and any judges/magistrates from using the issue of Mrs. Keaton's depositions as a reason to dismiss the litigation/case of Keaton v McDonalds where Mrs. Keaton is disabled and has proved such and has a right to accommodation to do depositions using the deposition on written questions method as approved by her physician where Mrs. Keaton doing deposition on written questions presents no undue financial or administrative burden on the Marion County Courts or Kopka Pinkus.

f. Enter a temporary injunction, later to be made permanent, on behalf of both plaintiffs Mrs. Evelyn Mills Keaton and Estate of Harvey Keaton by Personal Representative, enjoining defendant Christina Essex Attorney and other attorneys from Kopka Pinkus from filing objections and motions to dismiss the wrongful death litigation of the Estate of Harvey Keaton because of Mrs. Keaton and counsel (also personal representative of the Estate of Harvey Keaton) not coming to deposition on oral questions where Mrs. Keaton asserted her rights under the Americans With Disabilites Act to do depositions on written questions consistent with what her physician, Dr. Heard, at IU Health says she needs to do.

g. Enter a temporary order, later to be made permanent allowing Mrs. Keaton to testify in the discovery process in the trial court doing deposition on written questions consistent with what

is allowed by her physician, Dr. Heard of IU Health.

h. Award plaintiff Evelyn Mills Keaton individual damages of $250,000 for violation of her rights under the United States Constitution, the Americans with Disabilities Act and other federal law for suffering intentional discrimination to deprive her and the Estate from going to trial to secure damages based on Kopka Pinkus attorneys and Judge Welch and her magistrates in Marion Superior Court Civil 1 from intentionally discriminating against Mrs. Keaton who asserted her ADA right to reasonable accommodation for her expressive aphasia disability thru the motion for protection order process.

i. Award plaintiffs declaratory relief, injunctive relief, equitable relief, damages, costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. § 12205.

j. Award all other proper relief that is just, proper and necessary.

Respectfully submitted,

/s/ Evelyn Lecia Keaton

Evelyn Keaton Atty (IN #19431-49)

Law Office of Evelyn Keaton

PO Box 20864

Indianapolis, IN 46220

Phone: 317-373-0368

Fax: 702-947-6722

Email: elkeaton@yahoo.com

Attorney for Plaintiff