UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EVELYN MILLS KEATON Mrs., | ) | |
| BY PERSONAL REP. HARVEY KEATON | ) | |
| ESTATE OF, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:16-cv-00485-JMS-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| KOPKA PINKUS DOLIN LLC For it's | ) | |
| Attorneys James Milstone Esq., Christina | ) | |
| Essex Esq., | ) | |
| HEATHER WELCH Judge, and | ) | |
| MAGISTRATES in Proceedings as to Mrs. | ) | |
| Evelyn Mills Keaton in the Marion Superior | ) | |
| Court Civil I, | ) | |
| MARION COUNTY OFFICE OF COURT | ) | |
| ADMINISTRATOR, | ) | |
| MARION SUPERIOR COURTS | ) | |
| ADMINISTRATION, | ) | |
| SUMMIT MANAGEMENT doing business as | ) | |
| McDonalds Corporation Store #20898, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

At 12:15 a.m. on March 4, 2016, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order Based on Emergency Relief Needed Before 10:30 AM Due To New Emergency. [Filing No. 8.] In short, Plaintiff asks this Court to "effectively stay" the Indiana state trial court proceedings in *Keaton v. McDonalds*, Cause No. 49D01-1307-CT-26255, arguing that a hearing set to take place in Marion Superior Court at 11:15 a.m. today could cause her irreparable harm. [Filing No. 8.] The Court has reviewed Plaintiff's filings. For the following reasons, Plaintiff's motion is denied.

Although Plaintiff asks for a TRO and generally cites to Federal Rule of Civil Procedure 65(b), she completely ignores the standards and burdens that accompany her request.  The Court may grant a TRO if the movant: (1) has some likelihood of succeeding on the merits, (2) has no adequate remedy at law, and (3) will suffer irreparable harm if the order is denied.  *See Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).  If these three elements are met, the court will consider any irreparable harm to the non-movant and balance it against the harm to the movant.  *See id.* at 12.  Because Plaintiff has not acknowledged or applied these factors to her case, the Court cannot do so either.  The Court notes, however, that it seems unlikely that Plaintiff has no adequate remedy at law for decisions made by the state trial court with which she disagrees, given that she can appeal those decisions at the appropriate time pursuant to the Indiana Trial Rules.

Second, Plaintiff ignores that by filing her emergency request for a TRO *ex parte*, Defendants have no notice of that request.  Federal Rule 65(b)(1) provides that the Court may only issue a TRO without notice if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Moreover, Plaintiff's counsel must certify in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. Pro. 65(b)(1)(B).  Although Plaintiff's counsel has certified her motion under the penalties of perjury and attests that she has served all of the parties with notice of Plaintiff's federal action, [Filing No. 8 at 6], she gives no explanation for why her pending request for a TRO was filed *ex parte*.  Thus, the Court concludes that Plaintiff has not met the requirements for it to issue a TRO without notice pursuant to Rule 65(b).

Third, Plaintiff ignores the Anti-Injunction Act set forth at 28 U.S.C. § 2283, which "limits the power of federal courts to enjoin state-court proceedings." *CFE Grp., LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 350 (7th Cir. 2015). It provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Moreover, "an injunction that halts state court litigation is permissible only if it satisfies [the requirements of] § 2283 in addition to the traditional factors" required to obtain a TRO. *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015). In short, "Section 2283 leaves only limited opportunities for federal intervention." *Id.* Although Plaintiff completely ignores the statutory restriction on this Court's authority set forth in the Anti-Injunction Act, this Court will not do so.

For the reasons set forth herein, the Court **DENIES** Plaintiff's Ex Parte Motion for Temporary Restraining Order Based on Emergency Relief Needed Before 10:30 AM Due To New Emergency. [Filing No. 8.]

3/4/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Evelyn Lecia Keaton
LAW OFFICE OF EVELYN KEATON
elkeaton@yahoo.com